# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:12-cr-00104-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CLYDE ALLEN NIXON, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as both a motion for appointment of counsel and a motion to defer restitution payments [Doc. 19].

The Defendant pled guilty to two counts of bank robbery, in violation of 18 U.S.C. § 2113(a). [Doc. 16]. He was sentenced in February 2014 to a term of 160 months' imprisonment, to run consecutively to any undischarged term of imprisonment imposed for convictions in the State of Tennessee. [Id. at 2]. He was further ordered to pay restitution in the amount of $44,319.00 to the financial institutions he robbed, with payments to begin immediately upon entry of the Judgment. [Id. at 5, 6]. The Defendant is currently

incarcerated at FCI Edgefield, and his projected release date is May 24, 2026.[1]

The Defendant first moves for the appointment of counsel to represent him in connection with filing a motion for compassionate release. The Defendant has no constitutional right to the appointment of counsel to file post-conviction motions. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (citing Coleman v. Thompson, 501 U.S. 722, 756-57 (1991)); Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004) (citing Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987) (no constitutional right to counsel beyond first appeal of right)). The Court may, in some circumstances, appoint counsel to represent a prisoner when the interests of justice so require and the prisoner is financially unable to obtain representation. See 18 U.S.C. § 3006A(a)(2)(B). In the instant case, however, the Defendant has failed to demonstrate that the interests of justice warrant the appointment of counsel. See United States v. Riley, 21 F. App'x 139, 141-42 (4th Cir. 2001). Therefore, if the Defendant wishes to file a motion for compassionate release, he must do so *pro se*.

---

[1] See https://www.bop.gov/inmateloc/ (last visited July 8, 2021).

The Defendant also asks the Court to suspend the restitution payments he makes through the Inmate Financial Responsibility Program (IFRP) until he is released from prison. For grounds, the Defendant states that he receives no financial assistance "from the outside" and that he can no longer work any prison jobs to earn money due to arthritis in his hands. [Doc. 19 at 1].

The Defendant's motion must be denied. The Bureau of Prisons has the authority to place the Defendant in the IFRP based on the wording contained in the Criminal Judgment. See United States v. Watkins, 161 F. App'x 337, 337 (4th Cir. 2006); Bramson v. Winn, 136 F. App'x 380, 381 (1st Cir. 2005). Before seeking relief from any court regarding obligations under the IFRP, a defendant must exhaust all administrative remedies through the Bureau of Prisons. McGhee v. Clark, 166 F.3d 884, 887 (7th Cir. 1999). Once all administrative remedies have been exhausted, a defendant may challenge such payments only by filing the appropriate pleading in the district court located in the district of confinement, not the sentencing court. See Moore v. Olson, 368 F.3d 757, 759 (7th Cir. 2004); Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002).

**IT IS, THEREFORE, ORDERED** that the Defendant's motions for the appointment of counsel and the deferral of his restitution payments [Doc. 19] are **DENIED**.

**IT IS SO ORDERED.**

Signed: July 9, 2021

Martin Reidinger
Chief United States District Judge